UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLEN BOYD, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:13-cv-00234-MMD-VCF |
| v. | ) |
| | ) **O R D E R AND** |
| | ) **REPORT & RECOMMENDATION** |
| LAGUROS MIGEL VARGAS, | ) |
| | ) (Motion/Application to Proceed *In Forma* |
| | ) *Pauperis* #1 and Screen Complaint #1-1) |
| Defendant. | ) |

Before the court are plaintiffs Allen and Nikci Boyd's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on April 10, 2013, at 10:00 a.m. (#2)[1]. Plaintiffs did not appear at the hearing.[2]

## I. *In Forma Pauperis* Application

Plaintiffs Allen and Nikci Boyd assert in their motion/application to proceed *in forma pauperis* that they make $795.00 a month in take home wages, and that they receive disability income. (#1). They also assert that they pay $640.00 in rent and spend $100 a month on medication. *Id.* Accordingly, plaintiffs' request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

. . .

---

[1] A copy of the order scheduling the hearing (#2) was mailed to the plaintiffs on February 27, 2013, at the address provided by plaintiffs.

[2] Had plaintiffs' appeared as ordered, the court would have taken the time to assist plaintiffs if they had questions regarding the federal court jurisdiction issues discussed below. Plaintiffs are encouraged to try to retain counsel for this case. For assistance, the plaintiffs can contact The Lawyer Referral and Information Service by visiting http://www.nvbar.org/content/lris-online-referral-request or
http://www.nvbar.org/content/lawyer-referral-information-service, or calling 702-382-0504 or toll free 800-789-LRIS (5747).

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A. Plaintiff's Claims

Plaintiffs' complaint names Laguros Migel Vargas, a physician licensed to practice in the state of Nevada, as the defendant. (#1-1). Plaintiffs assert that defendant Vargas "failed to appropriately treat plaintiff Nikci Boyd thereby causing plaintiff to suffer [a] series of seizures in which where (sic) life threatening [unintelligible] death." *Id.* Plaintiffs state that defendant withheld medication that was needed for plaintiff Nikci's recovery, refused to allow other physicians to help, and acted with disregard for the life of plaintiff Nikci. *Id.* The complaint is titled "Complaint in Damages, Medical Malpractice and Gross Negligence, and Attempted Murder, Civil Rights." *Id.*

. . .

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiffs purport to allege a civil rights violation under 42 U.S.C. § 1983. (#1-1). A claim under this statute invokes the Court's federal jurisdiction. To assert a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiffs do not allege that defendant Vargas acted under color of state law, and he in no way represents the state, city, or county in his role as a physician. (#1-1). Plaintiffs fail to state a claim under § 1983, and the claim should be dismissed. See *Ashcroft*, 129 S.Ct. at 1949.

Plaintiffs' malpractice claim is a state law claim: "Medical malpractice" means the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." N.R.S. 41A.009. Plaintiffs' claim for gross

negligence is also a state law claim: "Physicians, Physician Assistants, Nurses, and Dentists" "(1) Any person licensed under the provisions of chapter 630, 632 or 633 of NRS and any person who holds an equivalent license issued by another state, who renders emergency care or assistance, including, without limitation, emergency obstetrical care or assistance, in an emergency, gratuitously and in good faith, is not liable for any civil damages as a result of any act or omission, not amounting to gross negligence, by that person in rendering the emergency care or assistance or as a result of any failure to act, not amounting to gross negligence, to provide or arrange for further medical treatment for the injured or ill person." NRS 41.505. Plaintiff cannot state a claim for attempted murder, as it is a *crime* and not a civil matter. NRS 200.010. None of the plaintiffs' remaining claims invoke this court's federal question jurisdiction under § 1331.

### B.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Here, plaintiffs assert that they are residents of the state of Nevada and provide the court with a Las Vegas address. (#1-1). According to the complaint, defendant Vargas is licensed to practice in the state of Nevada. *Id.* As plaintiffs do not allege citizenship, the court concludes that defendant Vargas is a citizen of Nevada. *Id.* Since the parties are citizens of the same state, there is no diversity and the court does not have jurisdiction under § 1332.

As the court does not have jurisdiction over plaintiffs' claims, and jurisdiction could not be established through amendment, the undersigned recommends dismissal *with prejudice* for plaintiffs to file their claims in the Eighth Judicial District Court, Clark County, Nevada. *See Cato,* 70 F.3d at 1106 ("...plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.")

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Allen and Nikci Boyd's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs are permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *with prejudice*.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of April, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE